# CHARLESTON.

ELECTRIC SUPPLY & CONTRACTING Co. *v.* CONSOLIDATED LIGHT &

RAILWAY Co.

Submitted September 15, 1896—Decided Dec. 5, 1896.

1. CONTRACT—BREACH OF CONTRACT.

One agrees to repair machinery for another, and to guarantee it fully, and give thirty days' trial before payment. In case of bad work, the other party is not bound to return it for another effort at repair.

2. CONTRACT—BREACH OF CONTRACT.—DAMAGES.

If a contract were to repair machinery, and, if not well done, that the same should be returned for a second effort at repair, and there is a failure to return, the measure of recovery by the party doing the work would not be the specific sum fixed by the contract for good repair, but the profit which would have been realized on the whole work had the machinery been returned.

3. DEPOSITIONS—EXCEPTIONS.

Exceptions to depositions curable by retaking must be presented to the court before trial commences.

CAMPBELL & HOLT for plaintiff in error:

I.—*Depositions can not be retaken without leave of Court first had.* —1 Dan. Ch. Prac. (Cooper) page 952 *et seq.;* 1 Bart. Law Practice (2nd Ed.) 448-449; 4 Minor's Insts. 846-847; 3 Greenl. Ev. 307; 82 Va. 831; 80 Va. 58; 17 Gratt. 188.

II.—*Instructions based upon an hypothesis, which there is no evidence tending to support, is improper.*—27 W. Va. 139; 7 W. Va. 715; 12 W. Va. 699 (syl. 5.); 14 W. Va. 708 (syl. 3 and 4); 18 W. Va. 767 (syl. 2); 21 W. Va. 394.

III.—*When contract is prevented from being performed, by the employer, the measure of damages recoverable by the contractor are the profits which would result from performance.*—110 U. S. 338; 24 W. Va. 554; 39 W. Va. 35.

SIMMS & ENSLOW and HERBERT FITZPATRICK for defendant in error, cited 12 Cush. 281; 43 Vt. 410; 69 Ill. 440; 64 Iowa, 75; 39 Minn. 57; 94 Mich. 140; 35 W. Va. 337; 2 Sch. Pers. Prop. § 319; 21 Enc. 519, 647; 39 W. Va. 86; 160 Pa. St. 555; 21 Wall. 35; 5 W. Va. 280; 19 W. Va. 78; 90 Ala. 454; 8 Mont. 208; 6 Tex. Ct. Ap. 312.

BRANNON, JUDGE:

This is an action by the Electric Supply & Contracting Company against the Consolidated Light & Railway Company to recover pay for repairing an arc armature, resulting in a verdict and judgment for the plaintiff, and the defendant appeals.

One assignment of error is that the court allowed the plaintiff to read a deposition of a witness whose deposition had already been taken, the objection being that no leave of court was given to retake the deposition; but this objection ought to have been made the ground of an exception before the trial, and not first made when offered at the trial. This would work a surprise. *Dickinson's Ex'rs* v. *Clarke*, 5 W. Va. 280; *Jones* v. *Lucas*, 1 Rand. (Va.) 268; *Foster* v. *Sutton*, 4 Hen. & M. 401; *Long* v. *Perine*, 41 W. Va. 314 (23 S. E. 611); *Peshine* v. *Shepperson*, 17 Gratt. 472; Bart. Ch. Prac. 758; Bart. Law Prac. 439. *Doane* v. *Glenn*, 21 Wall. 35, held, that where objections do not go to the testimony of the witness, but to defects which might have been obviated by retaking, the objection made at the trial will not be heard. Such objections should be noted when the deposition is being taken, or be presented by motion to suppress.

Another assignment of error is that an instruction was given for the plaintiff, in effect, that if plaintiff's contract with defendant was that, if the armature would not work after trial, the plaintiff would rewind it on being notified, then the defendant ought to have given the plaintiff notice of its failure to work, and an opportunity to comply with its guaranty, and that, if it failed to do so, the jury should find for the plaintiff. This instruction should not have been given, as there is no evidence to justify its application to the case. The defendant shipped to the plaintiff the

armature, and wrote the plaintiff to examine, and say what it would cost to put it in proper shape, and guarantee the work, and guarantee that the armature would run; and the plaintiff replied that it would be necessary to rewind the armature completely, and that it would guarantee nothing by patchwork, adding: "If you will allow us to rewind it, however, we will guarantee it fully, and give you a thirty days' trial before payment is made. We will guarantee to rewind this armature for $125." Now, this latter clause does not refer to a second rewinding—one to be made upon trial after a first rewinding. Counsel do not so claim in the brief. But does the word "guarantee" import that it should be sent back to the plaintiff in case the first rewinding should be ineffectual? I think not. This only means that, if the work was abortive, no charge would be made, or the plaintiff would be liable to damages, but can not be construed to tie down the defendant to return it to the plaintiff to be again rewound, in case the work was bad. Suppose the work was so bad that it told of bad workmanship and such want of skill as showed that the plaintiff was incompetent, and that a return would only result in the same bad work; would the defendant be bound to send it back, and, by indulging the plaintiff in a second abortive effort, be deprived of the use of the armature, and the consequent loss of profit from business? I should say not. Would it be compelled to send it back for a third trial? That is not the meaning of that word "guarantee" used in that letter. A witness, Perry, does speak as if there were a contract to return; but that is not a part of the written proposal constituting the contract, and can not be proven to make the writing speak a different language. And, indeed, Perry does not mean to say that such was a specific contract, but, taking all his evidence, he merely so interprets the letter, or claims that such was tacitly the meaning of the plaintiff, or the expectation. In fact, he said his company "guaranteed the armature fully, and if it did not work properly, we would repair or make it good at our expense;" thus meaning only what his company undertook to do, not that the defendant agreed or bound itself to return the armature to be again rewound. But if it even were

true that the agreement between both parties had been that the armature was to be returned, the instruction is wrong in the proposition of law stated by it, that in such case the jury should find the specific contract price in favor of the plaintiff. It was to get that only for work well done. If the work had been done well, then, only, could there be a full recovery. But this instruction leaves out one important factor of that theory, that the work had been well done—indeed, may be said to assume that—and thus is objectionable as passing on the weight of evidence touching the character of the work. It singles out the fact of nonreturn, and gives recovery in full on it alone, ignoring the vital question of character of work. In telling the jury, in effect, that simply the fact that defendant did not return the armature would call for the full contract price for the work, regardless of the manner in which it had been performed, the court erred. The law would impose some deduction on the plaintiff for a failure to do a good job of repair, even if the defendant was in fault. The contract having been lived up to on neither side, the sole thing left for the law to do is to fix a proper compensation to the plaintiff. It did not do the labor or use the material incident to a second rewinding. It saved that, and it concedes it was to do that work, and use that material, if the armature. did not give light. It thus saved that labor and material, and yet is to get the same as if it had used them. The law in such case—of broken covenant—simply adjusts the balance. It ought to give plaintiff only the profit it would have realized on the whole transaction of first and second repair, if the armature had been returned. 2 Suth. Dam. 1624; *Hare* v. *City of Parkersburg*, 24 W. Va. 554; *State* v. *Andrews*, 39 W. Va. 35 (19 S. E. 385).

The counsel for plaintiff tell us that this case is governed by the law applicable to an original sale of chattels, with privilege to return within a fixed time, where, if not returned, the purchaser must pay the whole price. I can not identify or assimilate the cases. The component elements are different. In the sale, title passes to the purchaser, to be divested on return, and revested in the seller. The only question open is, shall the sale be consummated?

and that depends on return or nonreturn, the quality of the goods not being an element, the purchaser having absolute option. Here title is in defendant, the character of the work being an element.

We express no further opinion on the merits. Judgment reversed, verdict set aside, and new trial granted.