𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

VIRGINIA RAILWAY AND POWER COMPANY V. N. H. SLACK
GROCERY COMPANY, INC.

January 22, 1920.

1. APPEAL AND ERROR—*Conflicting Evidence.*—The verdict of a
   jury in favor of a party determines all disputed questions of
   fact in his favor.

2. STREET RAILWAYS—*Crossing—Duty of Driver of Truck Approach-
   ing Crossing to Look.*—A truck driver's view of a cross street
   he was approaching was obstructed by the buildings on it until
   he was within 27 1-2 feet of the street railway track. At that
   point he looked both ways and saw no car. How far he tried
   to look in each direction did not appear, but there was no obliga-
   tion on him to look as far as he could see. It was sufficient if
   he did what reasonably prudent men are presumed to do at
   street crossings, and looked far enough to see that the way ap-
   peared clear for him to proceed.

3. STREET RAILWAYS—*Collision with Truck Crossing Track—Negli-
   gence of Street Railway.*—Where a truck driver was not in fault,
   and the street car approached the crossing recklessly, without
   sounding the gong, without a proper lookout ahead, and came
   upon the crossing at a greater rate of speed than the ordinance
   or common prudence demanded, the street railway company is
   liable for injuries to the truck resulting from a collision.

4. STREET RAILWAYS—*Collision with Truck—Contributory Negligence
   of Driver of Truck.*—A truck driver testified in an action for
   injuries to his truck resulting from a collision with a street
   car, that when he got to the corner he looked both ways and saw
   nothing, that just as his front wheels crossed the track he looked
   around again and saw the street car was not more than two
   or three feet from him.

   *Held:* That under the circumstances it could not be said that the
   truck driver was guilty of negligence as a matter of law, the evi-
   dence tending to show that until after the driver had reached
   the point beyond which it would have been impossible for him
   to avoid the accident by stopping the truck, he was acting pru-
   dently, and that an ordinarily prudent person would have been
   warranted in attempting to make the crossing.

5. STREET RAILWAYS—*Crossing—Contributory Negligence.*—Pedestrians and vehicles may cross street car tracks in full view of approaching cars if it is consistent with ordinary prudence to do so.

6. STREET RAILWAYS—*Ordinance—Right of Way.*—A city ordinance provided that when two vehicles should approach each other at an angle, the right-hand vehicle should have the right of way. *Held:* That such ordinance can only be applied to cases in which it is reasonably apparent that one of the two vehicles must yield to the other to avoid a collision.

7. STREET RAILWAYS—*Ordinance—Right of Way.*—An ordinance providing that where two vehicles are approaching each other at an angle the right-hand vehicle has the right of way must be given a reasonable construction, and merely means that vehicles coming from the left must stop and wait for vehicles from the right, in cases where under all the circumstances ordinary care and prudence would require such a stop.

8. STREET RAILWAYS—*Contributory Negligence—Warning by Truck Driver Approaching Track.*—Where a truck driver approaching an intersecting street upon which was a street railway, sounded a warning on his horn as an ordinarily prudent driver would do in coming to a crossing, he is not guilty of negligence where no ordinance prescribed any particular rule.

9. STREET RAILWAYS—*Instructions—Last Clear Chance.*—In an action for injuries to a truck by collision at a crossing with a street railway car, the jury were instructed that the operator of a street car has no right to assume that no person will attempt to cross the track in view of the car, and he must use ordinary care to check his speed as soon as he sees that a person is about to cross in dangerous proximity to his car. *Held:* That this instruction was not offered upon the theory of last clear chance, and that criticism of it upon this ground is without merit.

10. STREET RAILWAYS—*Collision with Truck—Instructions.*—In an action for damages to a truck injured in a collision with a street car, defendant requested an instruction that it was the duty of the driver of the truck to have the truck under reasonable control, that it was his duty to give warning of the approach of his truck, and that it was his duty to exercise ordinary care to look and listen for approaching street cars, and that if the jury believe that the driver failed to exercise such care in the above particulars, or any one of them, and that his failure either caused or contributed to the collision, then the jury must find for the defendant, even though it believed that the motorman was also negligent, *and that his negligence was*

*greater than the negligence of the driver.* The court modified the instruction by striking out the words italicized.

*Held:* That while the words might very properly have been allowed to stand, it was not error to strike them out as the instructions as given told the jury the same thing in general terms by informing them that they could not find for the plaintiff if it was guilty of any negligence at all which contributed to the collision, and there was nothing in this or other instructions which could have led the jury to suppose that they were to be influenced by any question of the comparative negligence of the plaintiff and defendant.

11. STREET RAILWAYS—*Instructions—Contributory Negligence.*—In an action for damages to a truck injured in a collision with a street car, the court refused at the request of defendant to instruct the jury that if they believed that the automobile was driven on the track in front of a moving car when the car was less than ten feet away from the point of collision, they must find for the defendant.

*Held:* No error, as the instruction ignored the fact that it might have been impossible for the truck driver to stop after the stret car was within ten feet of the point of collision, and this situation might have been brought about by excessive speed of the street car rather than by any fault of the driver of the truck.

Error to a judgment of the Hustings Court of city of Portsmouth, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The court instructed the jury as follows:

ON BEHALF OF THE PLAINTIFF.

A. "The jury is instructed that the operator of a street car has no right to assume that no person will attempt to cross the track in view of a car, and he must use ordinary care to attempt to check its speed as soon as he sees, or ought to have seen, that a person is about to cross in dangerous proximity to his car, and if they believe from the evidence in this case that the motorman of the defendant's car did not use ordinary care in attempting to check

his car at a time when he saw the plaintiff's truck, or ought, in the exercise of ordinary care, to have seen said truck about to cross the track in dangerous proximity to his car, and by such failure to exercise such ordinary care in attempting to check the car, the paintiff's truck was damaged, the jury will find for the plaintiff.

B. "The jury is instructed that the ordinance of the city of Portsmouth introduced in evidence is a regulation intended for the protection of travelers, and any violation of it, if proved, is competent evidence of negligence in this case, thereby along with all the other evidence in the case in determining whether the defendant was guilty of negligence as charged in the motion which caused the plaintiff's motor truck to be damaged as therein alleged.

## ON BEHALF OF THE DEFENDANT.

1. "The court instructs the jury that the basis of this action is negligence, which negligence cannot be inferred from the mere fact that the street car collided with the automobile truck of the plaintiff. Before the plaintiff can recover in this case, it must prove by the preponderance of the evidence, not only that the defendant was negligent, but that it was negligent as charged in the declaration, and that the negligence charged was the sole proximate cause of the damages complained of. If, after hearing all the evidence, you believe it is just as probable that the defendant was not negligent as that it was, then you must find for the defendant."

2. "The court instructs the jury that while generally speaking the rights of street cars and other vehicles at street crossings are equal, yet this rule is subject to the qualification that the ordinance of the city of Portsmouth provides that when two vehicles are approaching each other at an angle the one to the right of the other shall

have the right of way, and if you believe from the evidence that the street car and truck approached the intersection under such circumstances as to indicate that one would have to give way, then under this ordinance the street car had the right of way over the truck, and it was the duty of the driver of the truck to give such street car the right of way, and if you believe from the evidence that the driver failed in this, and that his failure either caused or contributed to the accident, then you must find for the defendant."

3. "The court instructs the jury that it was the duty of the driver of the automobile truck when approaching and crossing County street to exercise ordinary care to have the truck under reasonable control, so that he could stop it readily upon the appearance of danger, and it was his duty to exercise ordinary care to give warning of the approach of his truck, and it was his duty to exercise ordinary care to look and listen for approaching street cars. If you believe from the evidence that the driver failed to exercise such care in the above particulars, or any one of them, and that his failure either caused or contributed to the collision, then you must find for the defendant, even though you believe that the motorman was also negligent."

4. "The court instructs the jury that if you believe from the evidence that the automobile truck was being driven at a faster rate than six miles an hour at the crossing, and that the rate of speed either caused or contributed to the collision, then you must find for the defendant."

The defendant tendered and requested the court to grant to the jury the following instruction:

"The court instructs the jury that it was the duty of the driver of the automobile truck when approaching and crossing County street to exercise ordinary care to have the truck under reasonable control, so that he could stop it readily upon the appearance of danger, and it was his duty to exercise ordinary care to give warning of the ap-

proach of his truck, and that it was his duty to exercise ordinary care to look and listen for the approaching street cars. If you believe from the evidence that the driver failed to exercise such care in the above particulars, or any one of them, and that his failure either caused or contributed to the collision, then you must find for the defendant, even though you believe that the motorman was also negligent, and that his negligence was greater than the negligence of the driver."

To the granting of the said instruction the plaintiff objected, and the court sustained the objection of the plaintiff and changed and modified the said instruction by striking out the following words "and that his negligence was greater than the negligence of the driver" and as modified and changed, granted the same. Which as granted is instruction No. 3 above.

Whereupon, the defendant tendered, and requested the court to grant the following instruction:

5. "The court instructs the jury that if you believe from the evidence that the automobile was driven on the track in front of a moving car when the car was less than ten feet away from the point of collision, then you must find for the defendant."

To the granting of which said instruction the plaintiff, by counsel, objected, and the court sustained the objection of the paintiff and refused to grant the said instruction, to which action and ruling of the court the defendant, by counsel, duly excepted.

The opinion states the case.

*E. R. Williams* and *R. E. Miller*, for the plaintiff in error.

*W. H. Starkey*, for the defendant in error.

KELLY, P., delivered the opinion of the court.

A motor truck owned by the N. H. Slack Grocery Company was damaged in a collision with a street car owned by the Virginia Railway and Power Company. The grocery company, in an action against the railway company for the damage thus sustained, recovered the judgment here under review.

The accident occurred at the intersection of County and Washington streets, in the city of Portsmouth. These streets intersect each other approximately at right angles. The street car was going west on County street and the truck was going north on Washington street. Under the provisions of the city ordinances, neither street cars nor motor trucks may pass over street crossings faster than six miles an hour; street cars must sound a gong fifty feet before reaching a crossing; and when a street car and a truck are approaching each other at an angle, the one to the right has the right of way.

The negligence relied on is (1) excessive speed of the street car, (2) the failure of the motorman to keep a proper lookout ahead, and (3) violation of the ordinance requiring the car to sound a gong.

The defendant contends that it was not negligent in any of the foregoing particulars, and that, even if it was, the driver of the plaintiff's truck was guilty of contributory negligence barring the recovery.

[1] The verdict of the jury determined in favor of the plaintiff all disputed questions of fact.

[2, 3] The buildings on County street obstructed the truck driver's view on that street until he was within about twenty-seven and one-half feet of the track. At that point, according to his testimony, he looked both ways and saw no car. How far he tried to look in each direction does not appear, but there was no obligation on him to look as far as he could see. It was sufficient if he did what reasonably prudent men are presumed to do at street

crossings and looked far enough to see that the way appeared clear for him to proceed. From the testimony of the witness, H. E. White, the jury would have been warranted in finding that when the truck was about twenty feet from the track, the street car was still seventy-five feet away, and that, therefore, when the truck driver was twenty-seven and one half feet from the track, where he could get the first clear view down the street, the trolley car was still farther away. The driver says he was going at the rate of four or five miles an hour; that his truck was heavy and heavily loaded, and that he could not under these conditions stop within less than twenty feet. The truck was about half way across the track when the collision occurred and was struck "amidships." As a result of the impact, the two vehicles formed a sort of wedge, the front end of the street car leaving the track and the car itself coming to a standstill at an angle of about forty-five degrees therefrom. According to the testimony of the truck driver and of the witness White, the car sounded no gong. This witness was in sight and sound of the car from the time it was seventy-five feet from the crossing until the collision occurred. Several witnesses further stated that the motorman was not looking ahead, but had his head turned to one side and was engaged in conversation with another man standing by his side. As one of the witnesses expressed it, "he (motorman) didn't know whether he was passing, or where he was, or what he was doing."

There was evidence to the contrary, but the jury could have believed, and manifestly did believe, that the situation here described was in accord with the true facts of the case, and we are bound by their verdict. If this was the true situation, the truck driver was not at fault, and it was at least a reasonable inference that the street car approached the crossing recklessly, without sounding the

gong, without a proper lookout ahead, and came upon the crossing at a greater rate of speed than the ordinance or common prudence demanded.

[4, 5] The driver of the truck testified that when he first saw the car it was only two or three feet from him, and it is argued that he thus admits his own negligence because he had a clear view all the way down the street. He made this further statement, however: "When I got to the corner I looked both ways. I didn't see nothing. Just as I got the front wheels across the track, I looked around again and the street car was up on me and he was two or three feet from me." Under these circumstances we cannot say that the truck driver was guilty of negligence as a matter of law. From the plaintiff's standpoint, the evidence tended to show that until after the driver had reached the point beyond which it would have been impossible for him to avoid the accident by stopping the truck, he was acting prudently and that an ordinarily prudent person would have been warranted in attempting to make the crossing. Pedestrians and vehicles may cross the street car tracks in full view of approaching cars if it is consistent with ordinary prudence to do so. *Bass* v. *Norfolk Railway & Light Co.,* 100 Va. 1, 40 S. E. 100; *Richmond Traction Co.* v. *Clarke,* 101 Va. 386, 43 S. E. 618; *Virginia Railway & Power Co.* v. *Meyer,* 117 Va. 413, 84 S. E. 742. The instant case is controlled by the doctrine of these and like decisions of this court, and not by the doctrine of *Portsmouth Street Railway Co.* v. *Peed,* 102 Va. 662, 47 S. E. 850; *Virginia Railway & Power Co.* v. *Boltz,* 122 Va. 649, 95 S. E. 467, and other cases of this type relied upon by counsel for the plaintiff in error.

[6, 7] The result is not affected by the fact that under the city ordinance when two vehicles are approaching each other at an angle the right-hand vehicle has the right of way. Such an ordinance can only be applied to cases

in which it is reasonably apparent that one of the two vehicles must yield to the other to avoid a collision. Ordinances of this character must be given a reasonable construction, and merely mean that vehicles coming from the left must stop and wait for vehicles from the right in cases where under all the circumstances ordinary care and prudence would require such a stop. *Virginia Ry. & P. Co.* v. *Hill,* 120 Va. 397, 405, 91 S. E. 194. There was evidence in the case tending to show that until it was too late for the driver of the truck to stop, there was no reason for him to suppose that he would be in the way of the street car.

[8] It is contended that the truck driver was negligent in failing to give warning of his approach to the crossing. He said: "Before I got to the corner I blowed my horn." The context in which this statement appears indicates that he sounded this warning as an ordinarily prudent driver would do in coming to a crossing. No ordinance prescribes any particular rule. The jury accepted his statement and we must abide that result.

These observations are sufficient to dispose of the first assignment of error, which rests upon the action of the trial court in refusing to set aside the verdict as contrary to the evidence. The remaining assignments relate to the instructions given and refused, all of which will appear in full with the official report of the case.

[9] We do not understand that plaintiff's instruction "A" was offered upon the theory of last clear chance, and the criticism of it upon this ground is without merit.

[10] The language which the court struck out of instruction No. 3, as originally requested by the defendant, might very properly have been allowed to stand. It was, of course, intended to explain to the jury that the doctrine of comparative negligence is not a part of the law of this State. The instruction as given, however, told the jury

the same thing in general terms by informing them that they could not find for the plaintiff if it was guilty of any negligence at all which contributed to the collision, and there was nothing in this or other instructions which could have led the jury to suppose that they were to be influenced by any question of the comparative negligence of the plaintiff and defendant.

[11] The defendant's instruction No. 5 ignored the fact that it may have been impossible for the truck driver to stop after the street car was within ten feet of the point of collision, and that this situation may have been brought about by the excessive speed of the car rather than by any fault of the driver of the truck. If the crossing appeared to be clear and reasonably safe, the truck had the right to proceed at not over six miles an hour. He says he was running four or five miles an hour, and at that rate could not stop within less than about twenty feet. If the street car was as far away as some of the evidence placed it at the time truck came to the south side of County street, the driver might reasonably have proceeded on his way, and later have found himself unable to stop in time to avoid a collision with the car which by fast running had reached a point only a few feet from him.

We are of opinion that there was sufficient evidence to support the verdict, that there were no errors in the instructions, and that, therefore, the judgment must be affirmed.

*Affirmed.*