RALEIGH COUNTY FAIR ASSOCIATION, *a Corporation v.* RUBIN & CHERRY SHOWS, *a Corporation, et al.*

(No. 7008)

Submitted October 7, 1931.    Decided October 13, 1931.

*File, Goldsmith & Scherer,* for plaintiff in error.

*Ben H. Ashworth* and *Fletcher W. Mann,* for defendants in error.

MAXWELL, JUDGE:

In a suit instituted by the Raleigh County Fair Association, against Rubin & Cherry Shows, a corporation, to recover damages for an alleged breach of contract, an attachment was sued out and levied upon a merry-go-round in the alleged possession of said corporation. Upon the giving of a forthcoming bond, the property was released.

Annie Gruberg then filed a petition asserting that she owned the aforesaid property, having purchased it at public auction in Montgomery, Alabama, afterwards leasing it to the Rubin & Cherry Model Shows, a corporation, a different company from the Rubin & Cherry Shows. Upon the filing of the petition issue was joined, and for purposes of trial by jury of this issue the court designated her as plaintiff and the Raleigh County Fair Association as defendant.

A writ of error has beeen awarded plaintiff from a judgment of the circuit court upon a directed verdict for the defendant.

Before the jury was sworn the defendant moved the court to strike out the depositions of plaintiff comprising the testimony of herself and one F. S. Reed. That motion being overruled, the defendant moved the court to exclude certain specified questions and answers in the testimony of both Mrs. Gruberg

and Reed. This motion was likewise overruled. The jury was then sworn and the trial proceeded.

After the plaintiff and defendant had introduced all of their evidence (the plaintiff's consisting of only the depositions aforesaid), the court on motion of the plaintiff struck out all of the defendant's evidence, and on motion of the defendant struck out all of the plaintiff's evidence and directed a verdict for the defendant. On this last motion the same objections were relied upon as had been pointed out in the motions which were made before the jury was sworn.

The plaintiff's first point of error goes to the action of the court in striking out her evidence and directing an unfavorable verdict, in the light of the fact that before the jury was sworn the court had overruled first a motion to strike out her depositions in their entirety and, secondly, a motion to strike out certain parts thereof. She says that by the court's said action before the jury was sworn she was led to believe that her depositions were legally sufficient to go to the jury, and to be considered by the jury as to their probative value, and that she relied upon that situation, otherwise she could have retaken her depositions to meet the objections thereto; that, later, when her depositions were held insufficient and were stricken out at the conclusion of the introduction of evidence, it was too late for her to have opportunity to meet the objection, and therefore she has been subjected to a very grievous disadvantage.

A motion to suppress a deposition or to strike out portions thereof should be made before trial, unless the objection is based upon incompetency of the witness or irrelevancy of the evidence. *Irons* v. *Bias,* 92 W. Va. 236. Many cases and texts sustain this proposition. Ilustrative: *Supply Co.* v. *Ry. Co.,* 42 W. Va. 583; *Grain Co.* v. *Storage Co.,* 98 W. Va. 650; *Cable Co.* v. *Mathers,* 72 W. Va. 807; II Barton's Chancery Practice, sec. 223; *Peshine* v. *Shepperson,* (Va.) 17 Gratt. 472.

But it is not enough merely for the objection to be made prior to the trial. If there is merit in the objection or motion, the same should then be sustained so that the party tendering the deposition may have opportunity to meet the criticism. ''The party taking the deposition is entitled to have the

question of its admissibility settled in advance.'' *Doane* v. *Glenn*, 88 U. S. S. C. Rep. 33. The objections to the plaintiff's depositions did not go the competency of the witnesses or the relevancy of the evidence. The challenge was predicated on the propositions, first, that certain questions were leading and suggestive, and, second, that the answers thereto were hearsay merely. The matters covered by the answers thus challenged were vital to the issue. The plaintiff was entitled to a definite ruling in advance of the trial on the challenge of her depositions. If either the motion to suppress the whole or to strike out a portion had been sustained, she could have set about to meet the objections which had been thus successfully interposed. On the other hand, the court having overruled the advance objections to her depositions she was warranted in accepting that ruling as definite and final on that proposition. Therefore, when she encountered a diametrically opposite ruling at the trial on the identical proposition, she was taken by surprise and subjected to serious consequences which she might have avoided but for the ruling in her favor in advance of the trial.

In the light of the advance ruling, the trial court, upon reaching a different conclusion after the admission of all of the testimony at the trial, should have extended to the plaintiff the right to retake her depositions, and if she so elected, should then have declared a mistrial to afford her opportunity for such retaking. In the situation as presented, it was prejudicial error to direct a verdict for the defendant. The fact that the specified portions of the depositions were objected to when the depositions were taken does not alter the situation in view of the court's action prior to the trial in holding, in effect, that the depositions were sufficient to be considered by the jury. Nor, in like view can it be said that she induced the error at the trial.

In the light of this holding it is not necessary to discuss other points on the record.

The judgment of the trial court is reversed, the verdict set aside, and the case remanded for further proceeedings not at variance with this opinion.

*Reversed and remanded.*