JOHN WISEMAN *v.* EDWARD A. RYAN

(No. 8123)

Submitted September 24, 1935. Decided October 22, 1935.

*T. M. McIntire, Robt. B. McDougle* and *Wm. Bruce Hoff,* for plaintiff in error.

*Russell, Hiteshew & Adams* and *H. D. Matthews,* for defendant in error.

MAXWELL, JUDGE:

In the circuit court of Wood County, John Wiseman recovered verdict and judgment for $7,750.00 against Edward A. Ryan, who was awarded writ of error by this Court.

In the spring of 1929, the plaintiff, a certified public accountant, specializing in tax consultations, tax controversies and preparation of tax returns, was employed by the defendant to assist him in the preparation of his Federal income tax return for the year 1928. In April, 1930, the income tax authorities asserted against the defendant a deficiency of $63,085.55 in his tax for 1928. Thereupon, he retained the plaintiff to make defense against the said governmental claim. The plaintiff asserts, and the defendant admits, that on the 16th of April, 1930, they entered into a verbal agreement under which the defendant was to pay the plaintiff for his services twenty per centum of any reduction which might be obtained from the governmental deficiency claim. Whether the verbal contract also provided for a fee certain of $1,500.00 and the plaintiff's expenses, the parties differ. Extensive services were rendered by the plaintiff in connection with the deficiency claim. His work continued until January, 1933, when the matter was settled under compromise with officials of the Department of Internal Revenue. The amount accepted by the Government in discharge of the deficiency claim was $20,883.37, thus saving to the defendant from the deficiency demand which had been made against him the sum of $42,202.18. Twenty per centum thereof claimed by the plaintiff amounts to $8,440.44.

On account of his services, the plaintiff has been paid by the defendant $1,207.06. Failing to obtain settlement with the defendant on the basis of the verbal contract of April, 1930, the plaintiff instituted this action in assumpsit. The declaration contains the common counts and a special count impleading the verbal contract, and claiming the sum of

$8,440.44 in pursuance thereof. The defendant pleaded the general issue and payment.

The defendant says that he terminated the verbal contract by discharging the plaintiff the 3rd of June, 1931, but, upon plaintiff's earnest solicitation, retained him for further service on a *per diem* basis; and that compensation for plaintiff's services on that plan ($25.00 per day for office work and $35.00 per day away from the office) would be far less than the amount claimed by him. The plaintiff denies that he was discharged, or that he rendered services on any basis other than the contract impleaded. A verdict for the plaintiff on the basis of the contract resulted from the trial.

The verdict settled the controversial matters of fact. On appellate review of a law action involving a jury verdict, questions of fact arising on disputed testimony must be deemed resolved in favor of the party prevailing on the verdict. *Va. Ry. & P. Co.* v. *Grocery Co.*, 126 Va. 685, 101 S. E. 878; *Aliff* v. *Berryman*, 111 W. Va. 103, 160 S. E. 864; *Cabell* v. *Standard Oil Co. of N. J.*, 110 W. Va. 609, 159 S. E. 49; *Thompson* v. *Beasley*, 107 W. Va. 75, 146 S. E. 885. Independently of questions of law, on writ of error such verdict will not be disturbed unless against a preponderance of the evidence. Plainly, in this case the verdict is not against a preponderance.

Point is made that the two instructions given by the court at the instance of the plaintiff are erroneous. The first deals with the matter of the special contract and fixes for the jury the basis for their verdict if they believed from a preponderance of the evidence that the admitted contract was not revoked and that the plaintiff acting thereunder secured valuable results for the defendant. The second instruction informed the jury in respect of the *quantum meruit* if they believed from a preponderance of the evidence that the verbal contract was terminated in June, 1931. We are of opinion that these two instructions clearly and fairly presented the two theories of the plaintiff's contention. It is also objected that the court declined to give to the jury defendant's instructions Nos. 1 and 8. No. 1 was peremptory for defendant and was properly refused because the case involves primarily an

issue of fact for jury determination. The court correctly refused No. 8 because the substance thereof was embodied in No. 7, which was given to the jury.

Another ground of error urged by the defendant was the trial court's action permitting the jury to take to their room for use in their deliberations copies of the instructions which had been read to them by the court. When the jury first retired they did not have the written instructions, but sent a request to the trial judge therefor. He thereupon caused copies to be made, eliminating all extraneous or identifying markings. The jury was then brought into the court room and the copies were delivered to them and were used in their further deliberations. All of this was done over the objection of the defendant. Was it error?

For about six years (1915-1921) we had a statute which required a trial court, on motion of both parties, to permit the jury to take the instructions to their room. Acts 1915, ch. 72, sec. 23; Code 1916, ch. 131, sec. 23. This provision was repealed by Acts 1921, ch. 68, sec. 23; Code 1923, ch. 131, sec. 23. The present statute, Code 1931, 56-6-20, makes no specific provision respecting the taking by the jury of written instructions to their room. There seems to be a well defined general rule that in the absence of statutory inhibition the question of permitting the jury to take the instructions to their room is a matter of sound discretion for the trial judge. *State* v. *Stover,* 64 W. Va. 668, 671, 63 S. E. 315; *Bowles* v. *Commonwealth,* 103. Va. 816, 48 S. E. 527; 64 Corpus Juris, p. 1030; 2 Thompson on Trials (2d Ed.), sec. 2583; 17 Am. & Eng. Enc. of Law (2d Ed.), p. 1244; 12 Enc. Pl. & Pr., p. 599; 1 Sackett on Instructions (3d Ed.), sec. 213; *Chattahoochee Brick Co.* v. *Sullivan,* 86 Ga. 50, 12 S. E. 216; *Benton* v. *State,* 30 Ark. 328; *Scoville* v. *Salt Lake City,* 11 Utah 60, 67, 39 P. 481; *Coleman* v. *State,* 17 Fla. 206; *Missouri Pac. R. Co.* v. *Watt,* 186 Ark. 86, 52 S. W. (2d) 634. In our opinion, the discretion with which the court was vested was not abused in the instant case.

Another matter urged by the defendant as involving error prejudicial to him was the plaintiff's permitted use of an informal record or diary while he was testifying as a witness

in his own behalf. He testified that about the time of the institution of this action, he prepared the diary from memoranda and memory. It presents in chronological order and under separate dates his activities in connection with the Ryan matter. Though at the trial the defendant at first objected to the plaintiff's using the diary to refresh his recollection in giving his testimony, the defendant later joined in the request that the paper be introduced in evidence, and, not only cross-examined the plaintiff with respect thereto, but used the same as a foundation for examination of certain of his own witnesses who testified with reference to the value of the services rendered by the plaintiff on a *per diem* or *quantum meruit* basis. So that if there was legal difficulty with the memoranda on the theory it was not original, that difficulty was obviated by the course that was followed at the trial in the use of the paper.

But there is another forceful reason why the plaintiff's use of the diary while he was testifying becomes unimportant. Its only value was in respect of services on a *quantum meruit*, and the jury discarded that basis. The verdict was based on the verbal contract of April 16, 1930. The court had told the jury in instruction No. 1, given at the instance of the plaintiff, that if they believed the verbal contract had not been revoked by the defendant and that the plaintiff's services had been rendered in pursuance thereof, the correct sum to which the plaintiff was entitled, after allowing all credits, was $7,750.00. The verdict for that amount indicates that the jury adopted that basis.

Defendant's eighth point of error is to the effect that the court erroneously permitted certain testimony with respect to propositions of compromise between the parties. The said testimony does not disclose any offer of compromise. At most, it tends to show some discussion between the parties on the subject of referring the matter to third persons for determination, and even this was stricken out by the court, with the assent of counsel for the plaintiff, when objection was raised thereto by counsel for the defendant.

Certain statements made from the bench by the judge in the course of trial are challenged. Careful examination thereof

does not reveal that any of the remarks or statements were prejudicial to the defendant. We do not feel that good purpose would be served by taking the several statements, or any of them, for detailed discussion.

All considered, we perceive no prejudicial error in the record and therefore affirm the judgment.

*Affirmed.*