ESTA BUCK *v.* OPHARD HATHAWAY

(No. 8105)

</div>

Submitted October 29, 1935. Decided November 19, 1935.

*Robinson & Stump* and *A. G. Mathews,* for plaintiff in error.

*Grover F. Hedges* and *Lorentz C. Hamilton,* for defendant in error.

Woods, Judge:

This is an action to recover damages for an injury, alleged to be permanent, to plaintiff's right knee, and for hospital and medical expenses made necessary by reason of such injury.

The injury, sustained in an automobile accident on October 25, 1933, was, according to the evidence, due to defendant's negligence. Shortly thereafter plaintiff was removed to the hospital at Spencer for a few days, at which time the doctors diagnosed her injury as a fracture of the medial, and a partial fracture of the latteral, cartilages of the knee, and advised an operation. Plaintiff, at that time, refused to have an operation. However, after a great deal of suffering she returned to the hospital, on February 20, 1934, and three days later submitted to an operation. The medial and latteral cartilages were found to be broken and crushed. The operation also revealed a stellate fracture of the two condyles of the femur. The anterior portion of both the medial and the latteral cartilages were removed, and the incision closed. Up to the date of the trial (April 25, 1934) plaintiff had incurred hospital and doctor bills totalling $411.90. The jury returned a verdict for $5,000, upon which judgment was entered. Defendant brings error.

Two grounds are relied upon by defendant for reversal of the judgment aforesaid, namely (1) refusal to grant him a continuance; and (2) certain adverse rulings in regard to instructions.

It appears from the record that defendant, on the 16th and 20th days of April, 1934, respectively, moved for a continuance, and that each motion was overruled. The last two paragraphs of the judgment order recite:

"The Court certifies that on the first day of this term, to-wit, on the 16th day of April, 1934, the defendant moved the Court to grant him a continuance of this action until the next term of the Court in order that he might have an opportunity to have a personal and physical examination of the plaintiff made by physicians to ascertain the injuries done to the plaintiff as is alleged in the declaration: that thereupon plaintiff announced that she had no objec-

tions to the making of such examination and would submit to the same, and thereupon the Court continued the action until the 20th day of April, 1934, in order that the defendant might have such opportunity to have such personal and physical *and personal* examination; that on the said 20th day of April, 1934, the defendant again moved the Court to grant him a continuance to the next term of the Court in order that he might have such opportunity to have such physical and personal examination of the plaintiff, and, the plaintiff not objecting to such examinations, the Court continued the action until the 25th day of April, 1934, in order that the defendant might have such opportunity to have such personal and physical examination: and that on the said 25th day of April, 1934, the said defendant announced to the Court that he was ready for trial.

"And the Court further certifies that on the said 16th day of April, and again on the said 20th day of April the defendant urged as grounds for continuance made on each of said days in court that it was necessary for the proper defense of the case to have a medical examination of the plaintiff, including X-Rays, and that by reason of her present condition it was not possible to move her to a place where such X-Rays could be made, nor was it possible to determine at the present time whether or not her injuries were permanent."

It appears from the foregoing that defendant's motion for continuance was not renewed on April 25th and further that "the said defendant announced to the Court that he was ready for trial." Such action amounted to a waiver of any right defendant may have had to a continuance on the grounds theretofore urged by him. *Wiseman* v. *Ryan,* 116 W. Va. 525, 182 S. E. 670.

The defendant took the position that there was no appreciable evidence of an alleged permanent injury to the plaintiff, and offered his instruction No. 1 which would have told the jury that if they were of opinion to find for the plaintiff they should not allow any damage on account of alleged permanent injury to the plaintiff. This instruction was refused. And, the court, over defendant's objection, gave plaintiff's No. 2, which told the jury that if they should find for the

plaintiff they were at liberty, in estimating damages, to consider, among other things, whether the injury was permanent in its nature, and how far it was calculated to disable plaintiff from engaging in those pursuits and occupations for which, in the absence of said injury, she would have been qualified.

Plaintiff, who is fifty years of age, testified that prior to the injury she was strong and healthy; that she had taken in washings and done general house work for years in an effort to support her family of four small children; that she had never had trouble with either of her knees prior to the accident; and that since the injury she had been unable to do any manual labor. Drs. Depue and Newman, called on her behalf, testified that her present condition grew out of the injury received in the automobile accident; that the operation (from which she is still convalescing), revealed no signs of an arthritic condition. The former said, in effect, that it is impossible in operative cases such as presented here to say what the outcome will be; that there are from six to ten chances out of every hundred that a person undergoing a similar operation will not get a complete functional recovery. While this witness declined to say that the stellate fracture on each of the condyles would actually enlarge the permanency of the injury, he explained that portions of the bone might, as a result thereof, become separated from the main body of the femur, either to be ground up or to form a loose body in the joint. And although he does not state specifically that there will be a permanently weakened knee, by virtue of the removal of the medial and latteral cartilages, or otherwise, Dr. Haynes, for the defendant, testified that plaintiff will never be restored to her former state of physical prowess.

All of the foregoing testimony has a direct bearing upon the probable permanency of the injury (17 C. J. 1035, sec. 329), and is, in our opinion, sufficient to show with reasonable certainty that the plaintiff will suffer some permanent injury. 1 Sedgwick, Damages (9th Ed.), section 172. And this being so, the extent of the disability remained as a final question for the jury.

Perceiving no error in the judgment, the same must be affirmed.

*Affirmed.*