# Wytheville

## R. C. Lawson v. Southwestern Voluntary Association.

### June 10, 1937.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Channing M. Hall* and *Merrill Brown,* for the plaintiff in error.

*Ashton Dovell* and *B. D. Peachy,* for the defendant in error.

Browning, J., delivered the opinion of the court.

R. C. Lawson, the plaintiff in error, was the husband of Stella Ruth Lawson, who died January 14, 1935, and he is the beneficiary in a policy of insurance on her life, which was issued April 7, 1934, by the Southwestern Voluntary Association, the defendant in error.

H. J. Childress was a soliciting agent of the association. He secured the application of Mrs. Lawson for insurance on April 2, 1934. The application, by its terms, was made a part of the certificate of membership, or policy. It contained the provision: "I understand that any misrepresentation in this application renders it void and defeats my rights as a member." In the certificate the applicant was asked if she was in sound condition, mentally and physically. Her answer was in the affirmative.

After the death of Mrs. Lawson the association rejected the claim of the beneficiary, because the assured, it alleged, at the time of the application, was not in a sound condition mentally and physically, and this was known to herself but was not known to the association.

Thereupon this action was instituted by the beneficiary to recover the amount claimed to be due him under the terms of the certificate. The result was a verdict for the defendant, which was sustained by the trial court.

The court incorporated in its certification of the bills of

exception this statement: "And the court further certifies that the said judge does not approve of the said verdict and that if the judge had been trying the issue, or had been a member of the jury, he would have found a verdict in favor of the plaintiff, but the court is of the opinion that it has not the right to set aside the verdict of the jury."

Substantially the same statement was made a part of the final order of the court with this important addition: "But the court is of the opinion that there was sufficient evidence on which the jury could base their verdict."

■ Of course, the court had no right to set aside the verdict of the jury if it believed that there was sufficient evidence to sustain it. As to this we have its own declaration.

■ This court has repeatedly held that the mere fact that the court, or judge thereof, if on the jury, would have given a different verdict from that rendered, is not, of itself, of sufficient potentiality to cause a reversal of the judgment of the trial court, because the verdict was contrary to the evidence or without evidence to support it. *Bernstein* v. *Bord*, 146 Va. 670, 132 S. E. 698; *Bragg* v. *Commonwealth*, 133 Va. 645, 112 S. E. 609.

In the case of *Palmer* v. *Frosst & Co.*, 139 Va. 239, 123 S. E. 357, 358, it was said: "That the verdict of the jury is entitled to the most serious consideration, and will not be set aside by this court where it appears that there was evidence to support it, is the established law of this jurisdiction." *Alleghany Iron Co.* v. *Teaford*, 96 Va. 372, 31 S. E. 525.

The important and prevailing question in this case is whether the assured has been guilty of such misrepresentation, or concealment, in effecting her insurance, as will result in the avoidance of her policy.

In the case of *Clark* v. *Union Mutual Fire Insurance Co.*, 40 N. H. 333, 77 Am. Dec. 721, the following quotations were made: " 'Misrepresentation, according to the law of insurance, is the statement of something as fact which is un-

true, and which the assured states knowing it to be untrue, and with the intent to deceive; or which he states positively as true, not knowing it to be true, and which has a tendency to mislead; such fact being in either case material to the risk.' 'Concealment is the designed and intentional withholding of any fact, material to the risk, which the assured in honesty and good faith ought to communicate; and any fact is material the knowledge or ignorance of which would naturally influence an insurer in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of insurance.' 'All representations which enter into the essence of the contract, and which go to lay the foundation of it, whatever would cause the company to accept or reject the application, should be truly stated.' *Locke* v. *North American Ins. Co.*, 13 Mass. 61; *Houghton* v. *Manufacturers' M. F. Ins. Co.*, 8 Metc. [Mass.] 114 [41 Am. Dec. 489]."

In the case of *Houghton* v. *Manufacturers' M. F. Ins. Co.*, *supra*, it was said: "* * * the question whether the facts, if misrepresented, were known to the applicants, was a question of fact, to be left to the jury upon the evidence."

Before addressing ourselves to the question as to whether there was evidence upon which the jury could base their verdict we note the fact that the plaintiff in the trial court assigned as error the admission in evidence of the deposition of Dr. J. M. Thompson, the assistant physician of the Blue Ridge Sanatorium, of Charlottesville, Virginia, where the assured was a patient in the spring of 1931, for the reason that the deposition was not signed by the witness but his name was signed thereto by the notary public before whom the deposition was taken, by the authorization of the witness. The notice of the taking of the deposition was served upon the plaintiff, which is not denied, but there was no appearance by the plaintiff or his attorney. The objection to the introduction and reception of the deposition was offered in the trial court. When the case was tried, on December 19, 1935, which was two months after the taking of the

deposition, the trial court overruled the motion to suppress the deposition.

It has been held by this court that a deposition not signed by the witness is admissible in evidence if certified by the officer who took it. See *Barnett* v. *Watson*, 1 Wash. (1 Va.) 372; *Fortune* v. *Commonwealth*, 133 Va. 669, 112 S. E. 861.

That a deposition must be signed by the witness is not a statutory requirement in this State. The deposition in question was duly and properly certified by the notary public before whom it was taken.

But if this were not so the plaintiff was too tardy in making his objection. It was made two months after the taking of the deposition. The plaintiff ignored the matter and waited until the trial was in progress to assail its legality.

"It is too late after trial begins, to object to the reading of depositions on any ground that could be cured by a retaking. Objections on such grounds must be made before trial begins." Digest of Virginia and West Virginia Reports, Vol. 3, p. 690 (Michie); *Cable Co.* v. *Mathers*, 72 W. Va. 807, 79 S. E. 1079; *Electric Supply, etc., Co.* v. *Consolidated Light, etc., Co.*, 42 W. Va. 583, 26 S. E. 188.

"Failure to move the court to suppress a deposition, before the trial of the case in which it is filed, when the infirmity therein is other than incompetency of the witness or irrelevancy of his testimony, operates as a waiver of the defect for which it might have been suppressed [*Newmark Grain Co.* v. *Elkins, etc., Co.*, 98 W. Va. 650, 127 S. E. 490], in the absence of an amendment curing such defect, and an objection to the admission thereof, based thereon, brought to the attention of the court for the first time in the trial of the case, upon the offer to introduce the deposition in evidence comes too late and is unavailing." *Irons* v. *Bias*, 92 W. Va. 236, 114 S. E. 566. This ruling received warrant in this court in these cases: *Perkins' Adm'r* v. *Hawkins' Adm'x*, 9 Gratt. (50 Va.) 649; *Wytheville Ins., etc., Co.* v. *Teiger*, 90 Va. 277, 18 S. E. 195.

The deposition objected to in this case was presumably filed in the clerk's office of the trial court and was there available for inspection by the plaintiff or his counsel for more than two months before the trial of the case. This statement was made in the brief for the defendant in error, and was not contradicted.

We think the ruling of the trial court on the point we have discussed was eminently correct and the motion to suppress the deposition was without merit.

In considering the more important question of the sufficiency of the evidence, as a basis for the verdict of the jury, we must appraise it in the light most favorable to the defendant in error here because the verdict, sustained by the court, was in its favor.

The verdict of a jury in favor of a party determines all disputed questions of fact in his favor. *Virginia Ry. & P. Co. v. Slack Groc. Co.*, 126 Va. 685, 101 S. E. 878; *Roanoke R., etc., Co. v. Sterrett*, 111 Va. 293, 68 S. E. 998.

There was impressive evidence to the effect that, in 1931, the family physician of the assured advised her to go to the Blue Ridge Sanatorium for treatment for tuberculosis; that this physician ascribed the death of the assured, which occurred in January, 1935, to tuberculosis of the lungs without contributing causes, and this ascription was in the form of a declaration so serious as a death certificate. It is true that this witness testified that he did not know whether it was tuberculosis or influenza and that he might just as well have said that it was influenza. This addenda, provided by his testimony, little weakens the force and effect of the statement of the certificate, in our judgment. As to its value and weight as evidence the verdict is determinative.

The diagnosis of the ailments of the assured made by the physicians at the sanatorium, as disclosed by the records of the institution, reveal the fact that upon her entrance she was suffering with quite advanced pulmonary tuberculosis; that both of her lungs were involved and that the involvement was over a serious area of the lungs; that she was benefited by her stay of a month and a half in the institution and upon

her discharge her weight was nearly 175 pounds. After her return to her home the evidence is to the effect that she steadily lost weight. One of the plaintiff's witnesses, F. L. McGinnis, testified that he met the assured on the street in Williamsburg in the spring of 1934 and that she looked badly and had lost considerable weight. On requestioning by plaintiff's counsel, he said that he could not fix the date and that it might have been as late as the summer of 1934. But again the verdict of the jury is conclusive. The uncontradicted testimony is that the assured was consulting doctor after doctor in the city of Williamsburg. It is true that some of the witnesses testified that the assured said that these doctors advised her that she did not have tuberculosis. It is significant, however, that none of these doctors were offered as witnesses.

We are in agreement with the learned judge of the trial court in his opinion "that there was sufficient evidence on which the jury could base their verdict."

This court has repeatedly held that a verdict not plainly wrong must be affirmed on appeal. The verdict of a jury will not be set aside on appeal as contrary to the evidence, if, when the record is viewed as a whole, there appears to be evidence to support it. *Forbes* v. *Wyatt*, 143 Va. 802, 129 S. E. 491; *Virginia Land Immigration Bureau* v. *Perrow*, 119 Va. 831, 89 S. E. 891.

For the reasons stated, we affirm the judgment of the trial court.

*Affirmed.*