STATE OF WEST VIRGINIA

*v.*

CHARLES DEWEY COMPTON

(No. 14453)

Decided May 12, 1981.

*Grubb & Spaulding and Bernard L. Spaulding* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Paula D. Dean,* Assistant Attorney General for defendant in error.

PER CURIAM:

The defendant, Charles Dewey Compton, (also hereinafter referred to as appellant) was convicted in the Circuit Court of Logan County, of being a principal in the second degree to the crime of breaking and entering in violation of *W.Va. Code*, 61-3-12. He was sentenced to confinement in the State Penitentiary for a period of from one to ten years,[1] and subsequent to the circuit court's denial of his motion to set aside the verdict and award a new trial, prosecuted this appeal.

The evidence in this case discloses that the defendant, his brother Ronald Compton, and two of their friends, William Billy Fox and Roland Block, were together in defendant's car during the late afternoon hours of August 11, 1977. The four young men rode around for some time, bought some beer with money defendant's mother had given him to buy gasoline, and then Roland Block, William Billy Fox and Ronald Compton broke into the shop building belonging to Island Creek Coal Company in Amherstdale, Logan County, West Virginia.

During the commission of the breaking and entering, the defendant drove his car up and down the road in front of the shop building waiting for the three to return. There was, however, some question at trial as to whether the defendant also drove the car away from the building when the three returned with the stolen goods.

Defendant's defense at trial was that he had no knowledge that the breaking and entering was going to take place, but became aware of it only when his brother and two friends returned to his car. However, he admitted that he knew the three of them intended to steal gasoline while they were at the building.

---

[1] *W.Va. Code*, 61-11-6 provides in pertinent part:

"In the case of every felony, every principal in the second degree, and every accessory before the fact, shall be punishable as if he were the principal in the first degree; and every accessory after the fact shall be confined in jail not more than one year and fined not exceeding five hundred dollars."

Roland Block and William Billy Fox substantiated defendant's statements that he had no prior knowledge of the breaking and entering, and that they had gone to Amherstdale to steal gasoline for the defendant's car so that they could buy beer with the money defendant intended to use for gasoline. Defendant's brother, Ronald Compton, could not be located to testify at the time of the trial.

Appellant's first assignment of error objects to the court's refusal to declare a mistrial on the basis of Trooper W. S. Coburn's testimony indicating that appellant was involved in prior criminal activity. The specific testimony complained of was elicited by defense counsel on cross-examination and is as follows:

"Q. You took some written notes while he was giving you the verbal statement?

"A. Yes.

"Q. Do you have those with you?

"A. Yes.

"Q. I would ask you to refer to them and see if they say anything in there about him knowing in advance they were going to break into this shop?

"A. The only thing I wrote down was this one little thing about Charles. He was by himself at ICS which is Island Creek Stores, tipple and turned around and bought a twelve (12) pack of beer at Mosley's. Spending time in jail on the weekends for a B&E at the Green Valley Trailer Court. Ronald Compton."

Immediately after this testimony was given, defense counsel moved for a mistrial on the basis that the trooper's last answer was not responsive to the question and put evidence of a prior breaking and entering before the jury. The court overruled the motion on the ground that defense counsel "brought it on by yourself." It is apparent from the record that appellant's counsel knew the contents of the trooper's notes when he asked him to refer to them. And as the State points out, counsel had adequate time to stop the

trooper's response once he realized that Trooper Coburn intended to read his notes verbatim. This is the obvious solution, even if as counsel for the appellant contends, the answer was not responsive to the question.

We acknowledge that generally proof which tends to show that the defendant is guilty of another crime at another time, even though the crime is of the same nature as the one charged, is inadmissible for the purpose of showing the commission of the particular crime charged, unless the other crime is an element of or legally connected with the offense for which the defendant is on trial. *See*, Syl. pt. 11, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

However, we need not decide whether the trooper's testimony that defendant was spending time in jail on a breaking and entering charge is admissible as evidence of a collateral crime.[2] That issue is not relevant to this appeal, because we conclude that any error that resulted from this testimony was invited error.

Counsel for the appellant specifically asked the trooper to refer to his notes, and did not stop the trooper when he began reading the notes. "An appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited, and this is true even of a defendant in a criminal case." Syl. pt. 2, *State v. Bowman*, 155 W.Va. 562, 184 S.E.2d 314 (1971), *citing, State v. Ruble*, 119 W.Va. 356, 360, 193 S.E. 567, 569 (1937).

Appellant's second assignment of error relates to the same basic claim as the first. The testimony which is the subject of this assignment was given by a defense witness, William Billy Fox, on cross-examination by the prosecutor:

"Q. When you broke into the shop Charles was driving Ronald's car?

"A. Yes.

"Q. Why did he drive off in Ronald's car while you broke into the shop?

"A. We told him we would steal him some gas.

---

[2] For a recent discussion of the collateral crime issue, *see, State v. Haverty*, 165 W.Va. 164, 267 S.E.2d 727 (1980).

"Q. Why did he have to drive off while you were stealing gas?

"A. I don't know, he just—I guess because he was spending his week-ends in jail."

Counsel for the appellant again moved for a mistrial on the basis of the witness' statement that the defendant was spending time in jail, and the court again overruled the motion. Appellant now argues that the statement of William Fox was directly responsive to the prosecutor's question, was highly prejudicial, and was inadmissible testimony which required a mistrial.

Under *State v. Thomas, supra*, the trial judge has discretion as to the scope and extent to which the State may introduce evidence of other crimes and offenses, *see*, Syl. pt. 14. And as the Court observed in Syl. pt. 16 of *State v. Thomas*:

"In the exercise of discretion to admit or exclude evidence of collateral crimes and charges, the overriding considerations for the trial court are to scrupulously protect the accused in his right to a fair trial while adequately preserving the right of the State to prove evidence which is relevant and legally connected with the charge for which the accused is being tried."

We cannot conclude, under the particular facts of this case, that the court abused its discretion in refusing to declare a mistrial on the basis of William Fox's testimony. The answer was given by a defense witness and was not directly responsive to the prosecutor's question and even after the answer was given, the State did not pursue a line of questioning in connection with why the defendant was spending his weekends in jail. Also, the answer was in such general terms that, in itself, it did not convey what type of crime the defendant had been convicted of, if any. Furthermore, the State made no attempt to place any emphasis on the witness' answer and no mention of it was made in the State's closing argument.

Even if we were to find that the court had abused its discretion in allowing the answer, its admission would be

harmless error under the standard this Court formulated in Syl. pt. 2 of *State v. Atkins*, 162 W.Va. 815, 261 S.E.2d 55 (1979).

We find defendant's remaining assignments of error to be without merit and therefore affirm his conviction.

*Affirmed.*