STATE OF WEST VIRGINIA

*v.*

JAMES E. MCCORMICK

(No. 14563)

Decided December 11, 1981.

Rehearing denied February 23, 1982.

*Daugherty & Tantlinger and George A. Daugherty,* for plaintiff.

*Chauncey H. Browning,* Attorney General, and *Gregory W. Bailey,* Deputy Attorney General, for defendant.

PER CURIAM:

James McCormick appeals from a final judgment of the Circuit Court of Putnam County which overruled his motion to set aside the verdict and grant a new trial, and sentenced him to a term in the penitentiary after a jury found him guilty of armed robbery.

The appellant seeks reversal of the final judgment because of "the injection of homosexuality into his trial." The appellant contends that certain remarks of the prosecutor were grounds for a mistrial. Among the remarks complained of were certain questions asked of defense witness Amos Allen:

> "Q. Now, how would you describe, Amos how would you describe your relationship with Jim?
>
> "A. Just real close friends. You can tell secrets to him.
>
> "Q. Lovers?"

There was an objection and a motion for a mistrial which was denied.

It is uniformly held that it is reversible error to allow the State to inject the subject of homosexuality into a trial when it is irrelevant and unrelated to the charge against the accused. Annot., 54 A.L.R.3rd 897 § 3(a) (1974). The record in this case, however, demonstrates that the subject of homosexuality was first raised by the appellant's counsel during voir dire when he asked the prospective jurors if their view of the case would be influenced if they found out that the appellant and several of the witnesses were homosexuals. Counsel then alluded to the same matter in his opening statement and asked the jury to pay particular attention to the testimony of the witnesses and to examine any possible motive they might have for testifying against the appellant. He told the jury that they would hear testimony which indicated "that arguments were had and jealousies arose" between the State's chief witness, Bobby Carroll, and the appellant, and that Bobby Carroll made a threat to "get back at" the appellant. The questioning of potential jurors regarding their attitudes about homosexuality appears to have been a part of defense counsel's strategy, as were his references to the jealousies arising from the relationships of the appellant and the witnesses as a possible motive for testimony adverse to the appellant.

From our review of the record, we conclude that the prosecution did not unduly emphasize homosexuality, but touched on it only in the context in which it had been raised by the appellant, *i.e.*, to indicate that just as the jealousies of homosexual relationships could be a motive for testimony adverse to the appellant, they could also be the motive for testimony favorable to the appellant.

This situation is analogous to those cases in which one party injects into the case a theory in argument, which might otherwise be improper, and in effect invites a response. In these instances such a response will not be deemed prejudicial error. *See*, 58 Am.Jur.2d *New Trial* § 64 (1971); Annot., 33 A.L.R.2d 459 § 4 (1954). We have adopted much the same rule in Syllabus Point 2 of *State v. Bowman*, 155 W. Va. 562, 184 S.E.2d 314 (1971):

> "An appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited, and this is true even of a defendant in a criminal case."

*See also*, Syl. pt. 1, *State v. Compton*, ___ W. Va. ___, 277 S.E.2d 724 (1981); Syl. pt. 7, *State v. Lewis*, 133 W. Va. 584, 57 S.E.2d 513 (1949).

It is also assigned as error that in final argument the prosecutor stated a matter not in evidence, namely, that one of the State's witnesses, Brad Snyder, was at least six feet two inches tall. An eyewitness testified that the perpetrators were all between five feet ten inches and six feet tall. The prosecutor also remarked that the police and prosecutor were smart enough to arrest the right person, and if Brad Snyder had been guilty he would be on trial. These remarks were in response to defense counsel's line of argument that Brad Snyder was one of the perpetrators of the crime. We conclude that the foregoing remarks of prosecutor taken singly or together do not clearly prejudice the accused or result in manifest injustice, and therefore fall within Syllabus Point 2 of *State v. Brewster*, ___ W. Va. ___, 261 S.E.2d 77 (1979):

"A judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice."

*See also,* Syl. pt. 2, *State v. Simon,* 132 W. Va. 322, 52 S.E.2d 725 (1949).

For the foregoing reasons the final judgment appealed from is affirmed.

*Affirmed.*