294 S.E.2d 254

**STATE of West Virginia**

**v.**

**Bill HARSHBARGER.**

**No. 14923.**

Supreme Court of Appeals of West Virginia.

July 14, 1982.

Henderson & Redd and William L. Redd, Huntington, for appellant.

Chauncey H. Browning, Atty. Gen. and Curtis G. Power, III, Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Justice:

This action is before this Court upon the appeal of Bill Harshbarger from his 1979 conviction in the Circuit Court of Cabell County, West Virginia, of the offense of delivery of marihuana. As a result of that conviction he was sentenced to the West Virginia Penitentiary for a period of not less than one year nor more than five years. This Court has before it the petition for appeal, all matters of record, and the briefs and oral argument of counsel.

In this appeal Harshbarger asserts that the trial court committed four errors during the course of the trial. Those assertions are: (1) the trial court erred during *voir dire* by questioning prospective jurors regarding their views on marihuana, and then striking those jurors who exhibited difficulty in rendering a verdict based solely on the evidence presented at trial; (2) the trial court erred in denying appellant's motion for mistrial when an undercover police officer testified that she had purchased some marihuana from Harshbarger's mother; (3) the trial court erred in giving its instruction on entrapment to the jury; and (4) the trial court erred in allowing the written jury instructions to be taken into the jury room upon the request of the foreman of the jury and over the objection of defense counsel.

I

Appellant's first argument is that the trial court erred during *voir dire* in questioning prospective jurors concerning their views on marihuana, and then striking those jurors who exhibited difficulty in rendering a verdict based solely on the evidence presented at trial.

The record indicates that three such prospective jurors were struck for cause during *voir dire.* Two indicated that their views favoring legalization of marihuana would prejudice their ability to render a guilty verdict even if the facts established that the appellant had delivered the substance. Another juror was struck when he stated that his ability to render a guilty verdict would depend upon whether an adult or a youth was to receive the marihuana.

The purpose of *voir dire* is to obtain a panel of jurors free from bias or prejudice. *State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559 (1981). "The true test to be applied with regard to the qualifications of a juror is whether a juror can, without bias or prejudice, return a verdict based on the evidence and the court's instructions and disregard any prior opinions he may have

had." *State v. Charlot,* 157 W.Va. 994, 1000, 206 S.E.2d 908, 912 (1974).

Moreover, the "scope of *voir dire* is generally a matter within the discretion of the trial court and is not subject to review, except for abuse of discretion." 167 W.Va. at 552, 280 S.E.2d at 569. *See also State v. Beacraft,* 126 W.Va. 895, 30 S.E.2d 541 (1944).

In the present case the appellant was on trial for delivery of marihuana, a violation of *W.Va.Code,* 60A-4-401 [1971]. It is the responsibility of the trial judge to ensure that the jurors selected to decide the guilt or innocence of a defendant are able to apply the law as it is written, not as any single juror thinks it should be. Thus, in this case it was proper for the trial judge to inquire into the jurors' ability to apply the law which makes the delivery of marihuana a crime. If, as a result of this inquiry, it becomes apparent to the trial judge that any juror would be unable to properly apply the law, then it is within the sound discretion of that judge to excuse that juror for cause.

We are of the opinion the trial judge did not abuse his discretion by excusing those prospective jurors who exhibited difficulty in applying the law which makes the delivery of marihuana a crime.

II

Appellant's second argument is that the trial judge erred in denying his motion for a mistrial when an undercover police officer testified that on February 17, 1979, she purchased marihuana from appellant's mother. Appellant's specific contention is that such testimony was used to infer that the Harshbarger family was running a "dope house," and as such constituted inadmissible evidence of a collateral crime committed by the appellant.

The appellant was arrested as the result of an undercover drug investigation conducted in Huntington, West Virginia, from November, 1978 to March, 1979. The State's primary witness was Officer Rebecca Wiant of the Beckley, West Virginia Police Department who was assigned to the Police Department in Huntington during the undercover investigation.

The facts indicate that on direct examination by the assistant prosecuting attorney the primary reference to February 17, 1979, related to Officer Wiant's initial telephone call to the appellant when she asked him if he had any drugs to sell. It was not until cross-examination by appellant's counsel that Officer Wiant testified more thoroughly concerning the events of February 17, 1979. She stated that during her initial telephone call appellant replied that although he had no drugs at the time he was in the process of obtaining some and she should call back later in the day. When Officer Wiant telephoned later in the day, the appellant was not at home. However, as a result of that telephone conversation, Officer Wiant went to appellant's home later that day where she purchased some marihuana, but not from appellant. Then upon redirect examination of Officer Wiant, the identity of this other person was revealed as appellant's mother. It was at this time that appellant's counsel objected to the question and moved to strike the answer. When the court overruled the objection he then moved for a mistrial.

The standard on which this Court relies is found in Syllabus point 2 of *State v. Bowman,* 155 W.Va. 562, 184 S.E.2d 314 (1971): "An appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited, and this is true even of a defendant in a criminal case." *See also* Syl. pt. 1, *State v. McCormick,* 168 W.Va. 445, 290 S.E.2d 894 (1981); Syl. pt. 1, *State v. Compton,* 167 W.Va. 16, 277 S.E.2d 724 (1981).

In this case the trial transcript indicates that it was appellant's own counsel which elicited the events which transpired at the Harshbarger home during the afternoon of February 17, 1979. The only new information Officer Wiant testified to on redirect examination concerning February 17, 1979, was the identify of the person who sold her the marihuana on that date. Thus, the scope of testimony regarding February 17, 1979, was originally elicited by appellant's counsel. The assistant pros-

ecuting attorney merely walked through the door which appellant had opened.

Nor does this Court find any validity in appellant's bare assertion that the testimony in question by Officer Wiant was used by the prosecution to infer that appellant and his mother were operating a "dope house." Appellant does not cite, nor can this Court find, any direct or indirect reference made by the prosecution during trial that the Harshbarger home was a "dope house." Inasmuch as such inferences are absent from the trial transcript we find this argument without merit.

Finally, appellant briefly notes that Officer Wiant's testimony constituted inadmissible evidence of a collateral crime committed by the appellant. However, we need not rule upon this contention because we conclude that any error that resulted from the testimony was invited error. 167 W.Va. at 19, 277 S.E.2d at 727.

Moreover, when appellant's motion for a mistrial was denied, the trial judge instructed the jury as follows: "The jury cannot infer any guilt of this defendant by the fact that [Officer Wiant] may or may not have purchased drugs from another member of his family." Thus, any potential harm which could have been done was quickly averted by this limiting instruction.

Therefore, for the reasons stated above, this Court holds that appellant cannot complain of error in the admission of evidence which he elicited.

III

Appellant's third argument is that the trial court erred by submitting an erroneous instruction on the defense of entrapment to the jury. That instruction read:

> The defendant has asserted the defense of entrapment. Entrapment means that the idea of committing the crime originated with a law enforcement officer or its agent rather than with the defendant and that the defendant was urged and induced by a law enforcement officer or its agent to commit the crime charged in the indictment. Conduct by a law enforcement officer or its agent merely affording the defendant an opportunity to commit a crime does not constitute entrapment. Therefore, if you believe from the evidence that the defendant was entrapped into the committing of the crime charged in the indictment by a law enforcement officer or its agent, then you shall find the defendant not guilty.

Central to the appellant's argument is the sentence in the instruction which reads, "Conduct by a law enforcement officer or its agent merely affording the defendant an opportunity to commit a crime does not constitute entrapment." The appellant contends this inserted sentence is erroneous because it "negates the entire defense of entrapment." This Court does not agree with appellant's contention.

The facts indicate that after Officer Wiant's brief telephone conversation of February 17, 1979, she did not contact Harshbarger again until the morning of March 7, 1979, when she telephoned and repeated her request to purchase some drugs. Appellant responded by telling her that he would have some later and that she should come to his home that afternoon. As directed Officer Wiant arrived at the Harshbarger home and, following a brief conversation, purchased a bag of marihuana from appellant for forty (40) dollars.

This Court defined the defense of entrapment in the third syllabus point of *State v. Basham,* 159 W.Va. 404, 223 S.E.2d 53 (1976):

> Entrapment, as a defense to criminal prosecution, occurs where the design or inspiration for the offense originates with law enforcement officers who procure its commission by an accused who would not have otherwise perpetrated it except for the instigation or inducement by the law enforcement officers.

Furthermore, this Court stated in *State v. Basham, supra,* that it is "perfectly proper for police officers to afford opportunities for the commission of crime without thereby prejudicing the subsequent prosecution of the person who commits the offense." 159 W.Va. at 412, 223 S.E.2d at 58. In so stating, the *Basham* case cited two United States Supreme Court decisions,

Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932) and *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). In citing *Sorrells, supra,* the Supreme Court in *Sherman, supra,* held the activities of police officers which "merely afford opportunities or facilities for the commission of the offense does not constitute entrapment." 356 U.S. at 372, 78 S.Ct. at 821, 2 L.Ed.2d at 851, citing 287 U.S. at 441, 53 S.Ct. at 212, 77 L.Ed. at 416.

Thus, it is apparent that the trial judge by including the sentence in question into his instruction on entrapment simply stated essentially the same language as found in the two United States Supreme Court decisions. We hold, therefore, that the inclusion of such sentence in the jury instruction did not constitute reversible error.

IV

Appellant's final argument is that the trial judge erred in allowing the jury to take a copy of the instructions into the jury room during deliberations. The appellant's assertion is that this action by the trial judge caused confusion among the jury members.

The facts indicate that sometime following retirement for deliberations the foreman of the jury requested that the jury be permitted to take the written instruction on entrapment into the jury room. Whereupon, over the objection of appellant's counsel, the trial judge allowed all the written instructions to be taken into the jury room. Fifteen minutes later the jury returned a guilty verdict against appellant.

Rule 30 of the *West Virginia Rules of Criminal Procedure,*[1] which became effective October 1, 1981, prohibits written instructions from being shown to the jury, unless all parties affected by the instructions give their consent. However, prior to the enactment of the *West Virginia Rules of Criminal Procedure* on October 1, 1981 the standard to be applied was found in *Wiseman v. Ryan,* 116 W.Va. 525, 182 S.E. 670 (1935).

The facts in *Wiseman v. Ryan, supra,* are the same as in the present case: the trial judge, over the objection of defense counsel, allowed the jury access to the written instructions. In Syllabus point 2 of *Wiseman,* this Court held the following standard to apply: "It is in the trial court's sound discretion whether instructions which have been read to the jury may be taken by them to their room when they retire to consider ... their verdict."

A short history of the issue of allowing a jury to take instructions into a deliberation room appears in *Wiseman, supra,* as follows:

> For about six years (1915–1921) we had a statute which required a trial court, on motion of both parties, to permit the jury to take the instructions to their room. Acts 1915, c. 72, § 23, Code 1916, c. 131, § 23. This provision was repealed by Acts 1921, c. 68, § 23, Code 1923, c. 131, § 23. The present statute, Code 1931, 56–6–20, makes no specific provision respecting the taking by the jury of written instructions to their room. There seems to be a well defined general rule that in the absence of statutory inhibition the question of permitting the jury to take the instructions to their room is a matter of sound discretion for the trial judge. *State v. Stover,* 64 W.Va. 668, 671, 63 S.E. 315; *Bowles v. Commonwealth,* 103 Va. 816, 48 S.E. 527; 64 Corpus Juris, p. 1030; 2 Thompson on Trials (2d Ed.) § 2583; 17 Am. & Eng. Enc. of Law (2d Ed.) p. 1244; 12 Enc. Pl. & Pr., p. 599; 1 Sackett on Instructions (3d Ed.) § 213; [citations omitted]. In our opinion, the discretion with which the court was vested was not abused in the instant case.

116 W.Va. at 528, 182 S.E. at 672.

"In the absence of statute or absolute rule of practice, it is often held that the trial court, in its discretion, may allow, or

1. Rule 51 of the West Virginia Rules of Civil Procedure which became effective July 1, 1960, and Rule 30 both read, in part: "Unless otherwise ordered by the court with the consent of all parties affected thereby, instructions shall not be shown to the jury or taken to the jury room."

refuse to allow, the jury to take the instructions with them when they retire to deliberate...." 89 C.J.S. *Trial* § 468 (1955).

Therefore, after October 1, 1981, it is error to allow the instructions to be taken to the jury room over objection of counsel. At the time this case was tried, however, this was not the standard.

We do not agree with appellant's assertion that the action by the trial judge caused confusion among the jury members. Appellant does not cite how or why confusion necessarily followed, nor does he elaborate how this confusion may have manifested itself. On the contrary, the facts indicate that once the written instructions were taken into the jury room, it took the jury less than fifteen minutes to reach a verdict. Instead of confusion, it is evident that in the present case the jury's access to the written instructions facilitated their decision-making process.

We find that the trial judge did not abuse his discretion in allowing the jury to take the written instructions into the jury room during deliberations and his actions were not reversible error.

For the foregoing reasons the judgment of the Cabell County Circuit Court is affirmed.

Affirmed.