# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 13-0056** (Mercer County 12-F-152)

**Santana Radford,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Santana Radford's appeal, filed by counsel David Smith, arises from the Circuit Court of Mercer County, which sentenced petitioner to five years of probation following her convictions for felony breaking and entering and misdemeanor petit larceny. Petitioner was originally sentenced in October of 2012, but the circuit court re-sentenced her by order entered on December 28, 2012, for purposes of allowing time to file an appeal. The State, by counsel Scott E. Johnson, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, a jury convicted petitioner of felony breaking and entering and misdemeanor petit larceny. These convictions followed petitioner's arrest for stealing $400 in change from the victims' home. Petitioner filed a motion for a new trial, which the circuit court denied in its original sentencing order. At petitioner's re-sentencing, the circuit court upheld petitioner's original sentence of one to ten years in prison, which was suspended in lieu of probation for five years. From the circuit court's re-sentencing order, petitioner now appeals her convictions.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997).

Petitioner argues that she should be awarded a new trial for three reasons: (1) the State impermissibly inquired into petitioner's pre-trial silence, (2) the circuit court refused to conduct individual *voir dire* of the jury panel, and (3) the circuit court erroneously instructed the jury with regard to the elements of breaking and entering. Bearing in mind our general standard of review and the pertinent law, we turn to petitioner's assignments of error.

1

Petitioner first argues that the State twice attempted to use petitioner's right to remain silent against her. The first instance occurred when the State questioned the investigating officer as to whether petitioner ever contacted him to reveal who stole the victims' money. The investigating officer testified that petitioner had not. Petitioner's trial counsel objected and the circuit court sustained the objection with an instruction to the jury to not consider the investigating officer's answer or the question that preceded it. The second instance occurred as the State cross-examined petitioner and asked her if she ever "went to the officer" after claiming that she saw other people who she alleged stole the $400. Petitioner's counsel again objected, this time before an answer was given. The circuit court sustained this objection but did not give a curative instruction because an answer had not yet been given.

Upon our review, we find no abuse of discretion by the circuit court. We have held that "[o]rdinarily where objections to questions or evidence by a party are sustained by the trial court during the trial and the jury instructed not to consider such matter, it will not constitute reversible error." Syl. Pt. 18, *State v. Hamric*, 151 W.Va. 1, 151 S.E.2d 252 (1966). Our review of the trial transcript confirms that the circuit court carefully considered petitioner's objections at trial, sustained them in petitioner's favor, and subsequently directed the jury to disregard the evidence at issue. We find no error in this regard to warrant reversal.

Next, petitioner argues that she is entitled to a new trial because the circuit court refused to conduct individual *voir dire* of the jury panel. Petitioner asserts that the circuit court should have allowed her trial counsel to ask each juror whether he or she had been a victim of theft. Petitioner argues that this prohibition undermined her right to a fair jury as the requested inquiry could have revealed potential sources of prejudice against petitioner.

We find no abuse of discretion by the circuit court in this regard. "*Voir dire* inquires are left to the sound discretion of the trial court and are subject to review only to the extent such discretion is abused." *State ex rel. Nationwide Mut. Ins. Co. v. Karl*, 222 W.Va. 326, 330, 664 S.E.2d 667, 671 (2008) (citing Syl. Pt. 1, *Michael v. Sabado,* 192 W.Va. 585, 453 S.E.2d 419 (1994); *State v. Harshbarger,* 170 W.Va. 401, 404, 294 S.E.2d 254, 257 (1982)). Further, "[j]urors who on *voir dire* of the panel indicate possible prejudice should be excused, or should be questioned individually either by the court or by counsel to precisely determine whether they entertain bias or prejudice for or against either party, requiring their excuse." Syl. Pt. 3, *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978). We have reviewed petitioner's citation to the trial transcript, and our review indicates that the circuit court allowed petitioner's counsel to ask all of the potential jurors generally, "For those of you who raised your hands [to the question, 'Are you a victim of theft?'], would that experience cause you a problem sitting here on somebody accused of thieving?" No jurors responded. Further review of the *voir dire* phase of trial also reveals that the State had earlier asked the jury panel a similar question. The State inquired, "Is there anybody who would not be able to decide this case, based solely upon the evidence and the law that's given to you in this case because of your experiences in having been involved – been a victim of a theft?" One potential juror responded in the affirmative and further explained that she felt that she "would judge her [petitioner] by that." This juror was struck from the panel. The record does not reveal that any other jurors, including the ones who ultimately served at trial, revealed any indication of prejudice against petitioner. In light of these circumstances, we find no reversible error on this issue.

Lastly, petitioner argues that the circuit court provided an erroneous instruction to the jury as it pertained to the intent element of breaking and entering. Petitioner particularly challenges the circuit court's response to the jury's question as to whether the charge of petit larceny is "specifically only the bag of change [and] doesn't include taking other personal property to include food, laundry detergent, water, etc." After discussing this inquiry with counsel, the circuit court provided the following instruction to the jury:

> With regard to the charge of breaking and entering in Count 1 of the information, the term "[p]etit [l]arceny" as used in Paragraph No. 7 of Page 8 of the instructions refers to any personal property of another with a value of less than one thousand dollars. However, with regard to the crime of petit larceny in Count 2 of the information, it is specifically referring to United States currency of a value of less than one thousand dollars.

Petitioner argues that this supplemental instruction constitutes error because the use of food or soap was never part of the State's case until this jury question arose. Petitioner asserts that the victims never complained of these items as the subject of larceny. At trial, petitioner's counsel objected to the circuit court's supplemental instruction and argued that the original instructions were properly given and the supplemental instruction was therefore unnecessary.

Our review of the record indicates no abuse of discretion by the circuit court in this instance. The circuit court originally instructed the jury on breaking and entering as follows:

> Breaking and [e]ntering is committed when any person at any time, breaks and enters, or enters without breaking, any house or building with the intent to commit a felony or any larceny therein.
>
> Petit larceny is the unlawful stealing, taking and carrying away **of the personal property of another person with the value of less than one thousand dollars** without the owner's consent with the intent to permanently deprive the owner of his property. (Emphasis added.)
>
> . . . .
>
> Before [petitioner] can be convicted of [b]reaking and [e]ntering, the State of West Virginia must overcome the presumption that [petitioner] is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that:
>
> (1) [petitioner]
> (2) in Mercer County, West Virginia,
> (3) on or about July 8, 2011,
> (4) did enter without breaking, in the daytime,
> (5) the house
> (6) belonging to [the victims]
> (7) with the intent to commit the crime of petit larceny therein.

In reviewing challenges to jury instructions, we adhere to the following:

> A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mislead by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

Syl. Pt. 4, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Our review of the circuit court's jury instructions provides that the supplemental instruction did not alter the original instructions concerning breaking and entering. The circuit court's original instruction for breaking and entering defined "petit larceny" for the purposes of finding intent to commit breaking and entering. The circuit court's supplemental instruction only reiterated this definition. We note that petitioner did not object to the original instruction because the instruction accurately reflected the law. We find no grounds for reversal based on the circuit court's additional jury instruction.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4