STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Ray Justis,**
**Petitioner Below, Petitioner**

**vs) No. 15-0369** (Kanawha County 11-MISC-426)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Ray Justis, by counsel David R. Pence, appeals the March 24, 2015, order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Warden, Northern Correctional Facility,[1] by counsel Nic Dalton, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The facts of petitioner's underlying criminal case are these: Petitioner's ex-wife, Wanda Sue Crowder, had a key to the apartment rented by her brother, Steve Spencer, and his wife, Allison Spencer. The Spencer's told Ms. Crowder that she could come to the apartment anytime she wanted. On December 23, 2006, while the Spencer's were out of town, Ms. Crowder invited petitioner to the apartment and drove him there.

While at the apartment, during the early morning hours of December 24, 2006, petitioner began questioning Ms. Crowder as to whether a sexual relationship existed between her and petitioner's brother. Ms. Crowder denied that such a relationship existed. Petitioner refused to

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

1

accept Ms. Crowder's denial and continued to question her. Finally, Ms. Crowder responded, "What if I did?" Petitioner began cursing, and slapped and kicked Ms. Crowder. Then, petitioner demanded that Ms. Crowder take him home, and Ms. Crowder agreed to do so. However, as soon as petitioner was outside the apartment, Ms. Crowder closed and locked the front door. Petitioner started cursing and screaming, and demanded that Ms. Crowder let him back inside the apartment. Ms. Crowder hid in a closet where she heard a window breaking. Once back inside the apartment, petitioner searched for and found Ms. Crowder.

Petitioner pulled Ms. Crowder from the closet, grabbing her by the hair, and threw her on a bed. Petitioner covered Ms. Crowder's mouth and ripped at her clothing, tearing her shirt. Ms. Crowder bit petitioner, but was unable to free herself. Petitioner again grabbed Ms. Crowder by the hair and pulled her to the apartment's living room. Petitioner threw Ms. Crowder onto a couch and beat her with her own belt. Eventually, the landlord of the apartment complex, Matthew Joseph Taylor, intervened. Mr. Taylor observed that the window to the apartment was shattered and that petitioner was bleeding. Mr. Taylor saw petitioner repeatedly punching Ms. Crowder. Petitioner also attacked Mr. Taylor. It was necessary for Mr. Taylor to strike petitioner with a baseball bat to end the incident.

On February 20, 2008, a jury found petitioner guilty of misdemeanor battery (against Mr. Taylor), misdemeanor domestic battery (against Ms. Crowder), and felony daytime burglary. Following a recidivist trial on October 20, 2008, another jury found that petitioner was the same person convicted of three prior felony offenses.[2] Accordingly, pursuant to West Virginia Code § 61-11-18(c), the circuit court sentenced petitioner to life imprisonment with the possibility of parole for his daytime burglary conviction. In his criminal appeal, petitioner challenged his recidivist conviction. This Court affirmed that conviction in *State v. Justis*, No. 101539 (West Virginia Supreme Court, June 15, 2011), at p. 2 (memorandum decision).

Petitioner subsequently filed a petition for a writ of habeas corpus challenging his conviction for daytime burglary.[3] Habeas counsel was appointed, who filed an amended petition on September 5, 2012, and a supplemental petition on November 30, 2012. Petitioner raised the following grounds for relief: (1) the circuit court erred in allowing the State to amend the indictment to reflect that the tenants of the apartment, the Spencer's—rather than the landlord, Mr. Taylor—were the residents of the same; (2) following the indictment's amendment, the circuit court erred in denying petitioner's motion for a continuance to allow the Spencer's to be interviewed and called as witnesses; (3) the circuit court erred in not striking a juror whose wife was in the courtroom during proceedings from which the jury was excluded; and (4) trial counsel

---

[2] Petitioner's prior felony convictions were for breaking and entering in 1984, non-aggravated robbery in 1991, and Conspiracy to Distribute and Possession With Intent to Distribute (Marijuana) in 1997.

[3] Petitioner contends that, because his daytime burglary conviction triggered the application of West Virginia Code § 61-11-18(c) in this case, if that conviction is vacated, his recidivist conviction also must be vacated.

did not provide petitioner with effective assistance. Following a response filed by respondent, the circuit court determined that it could rule on petitioner's claims based on "a thorough review of the petition, [respondent's response], exhibits, underlying records including but not limited to the transcript of the trial, [and] other documentary evidence." The circuit court found the claims to be without merit and denied petitioner's habeas petition.[4]

Petitioner now appeals the circuit court's April 6, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). A circuit court may deny a habeas petition without holding an evidentiary hearing "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657, 658 (1973).

First, petitioner asserts that he had to be re-indicted if the State desired to amend the indictment to reflect that the tenants of the apartment, the Spencer's—rather than the landlord, Mr. Taylor—were the residents of the same. Petitioner contends that the amendment was "substantial" within the meaning of Syllabus Point 3 of *State v. Adams*, 193 W.Va. 277, 279, 456 S.E.2d 4, 6 (1995),[5] because, under the amendment, he had an argument that the residents of the apartment authorized him to reenter the premises after Ms. Crowder locked him outside. In finding that this claim had no merit, the circuit court determined that the amendment was not substantial because unauthorized entry is not an element of daytime burglary pursuant to Syllabus Point 4 of *State v. Slater*, 222 W.Va. 499, 501, 665 S.E.2d 674, 676 (2008). In *Slater*, we held that "[u]nauthorized entry is not a required element of the crime of daytime burglary by breaking and entering as

---

[4]The circuit court's rulings regarding each claim will be discussed *infra*.

[5]In Syllabus Point 3, we held, as follows:

> Any substantial amendment, direct or indirect, of an indictment must be resubmitted to the grand jury. An "amendment of form" which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced.

*Id.* at 279, 456 S.E.2d at 6.

defined in [West Virginia] Code § 61–3–11(a)[.]" We specifically noted that, in light of our holding, evidence that the defendant's entry into a residence was authorized "is not relevant." *Id.* at 505, 456 S.E.2d at 680. Therefore, we agree with the circuit court's analysis that the amendment to the indictment was not substantial and conclude that the circuit court did not err in determining that this claim had no merit.[6]

Second, petitioner asserts that, because the indictment was amended the morning of the first day of trial, the circuit court should have granted his motion for a continuance so that the Spencer's could be interviewed and called as witnesses. "A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, *State v. Bush*, 163 W.Va. 168, 169, 255 S.E.2d 539, 540 (1979). For the reasons explained above, the circuit court found that any testimony that the Spencer's authorized both Ms. Crowder and petitioner to be at their apartment—or that the Spencer's authorized Ms. Crowder to be at the apartment, who then invited petitioner there—would not be relevant evidence pursuant to *Slater*. Thus, the circuit court concluded that the denial of a continuance did not prejudice petitioner's defense. We agree with that conclusion and further note that petitioner's factual premise, that the Spencer's authorized him to reenter the apartment by breaking a window to continue his assault on their close relative, is highly suspect. Because the denial of a continuance did not prejudice the defense, we conclude that the circuit court did not err in determining that the denial of petitioner's motion was not an abuse of discretion.

Third, petitioner argues that a juror should have been stricken during the course of the trial because his wife was in the courtroom during proceedings from which the jury was excluded. "The true test to be applied with regard to the qualifications of a juror is whether a juror can, without bias or prejudice, return a verdict based on the evidence and the court's instructions and disregard any prior opinions he may have had." Syl. Pt. 1, *State v. Harshbarger*, 170 W.Va. 401, 402-3, 294 S.E.2d 254, 255-6 (1982) (internal quotations and citations omitted). Near the end of the first day of trial, the circuit court became aware that a juror's wife was present in the courtroom during proceedings not disclosed to the jury. Upon questioning of the juror's wife outside the presence of the jury, the circuit court learned that the woman's poor health caused her to be wherever her husband was. The juror's wife, who was scheduled for surgery on Thursday or Friday of that week, inquired of the circuit court whether her husband could be excused from further jury service.

---

[6]Petitioner also argues that the amendment to the indictment was substantial because an indictment must correctly reflect who owns the dwelling house which a defendant is accused of burglarizing. Petitioner relies on *State v. Scarberry*, 187 W.Va. 251, 418 S.E.2d 361 (1992), for this proposition. We find such reliance misplaced. In *Scarberry*, we reversed a conviction for petit larceny because the indictment did not correctly reflect who owned a power box that been stolen from an abandoned mobile home. *Id.* at 255-6, 418 S.E.2d at 365-6. While we also reversed the defendant's conviction for daytime burglary, the basis for that reversal was that the mobile home no longer constituted a dwelling house. *Id.* at 254, 418 S.E.2d at 364. Therefore, contrary to petitioner's contention, in *Scarberry*, we did not determine that an indictment must reflect who owns the dwelling house which a defendant is accused of burglarizing.

However, when the circuit court subsequently questioned the juror outside the presence of the other jurors, he indicated that it would create no hardship on him and his wife for him to finish serving on the jury for petitioner's trial if some accommodation could be made for later in the week. The circuit court agreed stating that, after the juror finished petitioner's trial, the court would excuse him from serving on future juries because of his wife's ill health. The circuit court also instructed the juror and his wife not to discuss any matter during which she was in the courtroom that the jury was not. Both the juror and his wife indicated that, because of the juror's service on a prior trial, they were well aware what the juror could and could not do. Notwithstanding the circuit court's instructions to the juror and his wife—and their assurances that they understood those instructions—petitioner contends that the juror was under an undue influence to reach a speedy verdict. Based on our review of relevant portions of the trial transcript, we conclude that the circuit court did not clearly err in finding that "the questioning of the juror did not reveal that he was under duress as a result of his wife's impending surgery" and that the circuit court did not err in determining that this claim had no merit.

Fourth, petitioner asserts that trial counsel failed to provide effective assistance (1) by not conducting an adequate investigation into the Spencer's potential testimony; (2) by not employing an independent investigator to locate the Spencer's and interview them; (3) by not preserving as an error alleged irregularities in the presentation of the State's case to the grand jury; and (4) by not advising petitioner to testify in his own defense. In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (a) counsel's performance was deficient under an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995). Respondent counters that the first three of these ineffective assistance claims are precluded under the first prong of the *Strickland* test because of the circuit court's rulings that any evidence that petitioner might have initially had authorization to be in the Spencer's apartment was not relevant pursuant to *Slater*. We agree with respondent that petitioner cannot prove that trial counsel's performance was deficient by showing that counsel failed to pursue courses of action that would have led to irrelevant evidence. With regard to alleged irregularities in grand jury proceedings, we note that petitioner avers that the State's presentation of the case was irregular because the investigating officer did not inform the grand jury that petitioner initially had authorization to be at the apartment. We further note that, during the officer's cross examination at trial, counsel elicited from the officer testimony that he failed to inform the grand jury that petitioner had such authorization. Thus, counsel pursued the matter. However, the fact that petitioner may have had authorization to be at the apartment was not relevant to the determination of his guilt for the offense of daytime burglary. Therefore, we conclude that the circuit court did not err in rejecting the first three of petitioner's ineffective assistance claims.

Finally, petitioner asserts that counsel's performance was deficient because counsel advised him not to testify in his own defense. Respondent counters that the circuit court discussed with petitioner whether he wanted to exercise his right to testify. The circuit court informed petitioner that, while counsel could advise him as to that right, it was "your decision and your decision alone[.]" Petitioner responded, "yes, ma'am." Based on our review of relevant portions of

the trial transcript, we find that, while petitioner alleges that he is a man of limited education, he did not blindly follow counsel's advice and, instead, made his own decision not to testify. Thus, we conclude that this claim also lacks merit.[7] We further determine that, even if counsel's performance was deficient in one or more ways, petitioner cannot meet the prejudice prong of the *Strickland* test because the circuit court correctly found that petitioner did not show that any deficient performance on the part of counsel "actually prejudiced him or had any substantial effect on the outcome of the trial." Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's April 6, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[7]While petitioner alleged that counsel was ineffective by not advising him to testify in his supplemental habeas petition, the circuit court did not refer to the claim in its order. On appeal, petitioner does not assign error to this omission in the circuit court's order. Therefore, we find that any such error is waived.

6